**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Aida R. Gil,<br><br>Plaintiff,<br><br>– against –<br><br>605 West 42nd Owner LLC, The Moinian Group, Joseph Moinian, Alex Smaljaj, Courtney Lees, Julio Del Orbe, Kimberly Cafaro, Mario Fenko and Juan Mitre/Dial-A-Bug,<br><br>Defendants. | **1:25-cv-5396-MKV**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

605 West 42nd Owner LLC, The Moinian Group, and Julio Del Orbe (collectively, "Answering Defendants")[1] by and through their undersigned counsel, hereby answer the Amended Complaint of plaintiff Aida R. Gil filed on November 12, 2025 (ECF No. 14) as follows:

## PARTIES

1. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Amended Complaint, and on that basis deny them.

2. Answering Defendants deny the allegations contained in paragraph 2, except admit that 605 West 42nd Owner LLC ("Owner") is the deed owner of the building located at 605 West 42nd Street, New York, New York 10036 (the "Building").

3. Answering Defendants deny the allegations contained in paragraph 3.

4. Answering Defendants deny the allegations contained in paragraph 4.

5. Answering Defendants deny the allegations contained in paragraph 5, except admit that Alex Smaljaj is employed as a residential property manager.

[1] Joseph Moinian, Alex Smaljaj, Courtney Lees, Kimberly Cafaro, Mario Fenko, and Juan Mitre/Dial-A-Bug have not been served with process in this action. The Answering Defendants do not answer on their behalf, and nothing herein shall be construed as a waiver of service or personal jurisdiction defenses regarding the unserved parties.

6. Answering Defendants deny the allegations contained in paragraph 6, except admit that Courtney Lees is employed as a senior property manager.

7. Answering Defendants deny the allegations contained in paragraph 7, except admit that Julio Del Orbe is employed as a senior residential manager.

8. Answering Defendants deny the allegations contained in paragraph 8.

9. Answering Defendants deny the allegations contained in paragraph 9.

10. Answering Defendants deny the allegations contained in paragraph 10, except admit that Juan Mitre performed extermination services at the Building.

## JURISDICTION

11. The allegations in paragraph 11 of the Amended Complaint set forth legal conclusions to which no response is required, and if any further response is deemed necessary, Answering Defendants deny the allegations.

12. The allegations in paragraph 12 of the Amended Complaint set forth legal conclusions to which no response is required, and if any further response is deemed necessary, Answering Defendants deny the allegations.

13. The allegations in paragraph 13 of the Amended Complaint set forth legal conclusions to which no response is required, and if any further response is deemed necessary, Answering Defendants deny the allegations.

## FACTUAL ALLEGATIONS

14. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14, except admit that Plaintiff is a tenant in the Building.

15. Answering Defendants deny the allegations contained in paragraph 15.

16. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16, and on that basis deny them.

17. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17, and on that basis deny them.

18. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18, and on that basis deny them.

19. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19, and on that basis deny them.

20. Answering Defendants deny the allegations contained in paragraph 20.

21. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, and on that basis deny them.

22. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22, and on that basis deny them.

23. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23, and on that basis deny them.

24. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24, and on that basis deny them.

25. Answering Defendants deny the allegations contained in paragraph 25.

26. The allegations in paragraph 26 set forth legal conclusions to which no response is required, and if any further response is deemed necessary, Answering Defendants deny the allegations.

27. Answering Defendants deny the allegations contained in paragraph 27, except admit that the Building has participated in certain tax incentive programs.

28. Answering Defendants deny the allegations contained in paragraph 28.

29. Answering Defendants deny the allegations contained in paragraph 29.

30. Answering Defendants deny the allegations contained in paragraph 30.

31. Answering Defendants deny the allegations contained in paragraph 31.

32. Answering Defendants deny the allegations contained in paragraph 32.

33. Answering Defendants deny the allegations contained in paragraph 33 and refer the Court to the filings in the referenced Article 78 proceeding for their contents.

34. Answering Defendants deny the allegations contained in paragraph 34.

35. Answering Defendants deny the allegations contained in paragraph 35 and refer the Court to the referenced email correspondence for its contents.

36. Answering Defendants deny the allegations contained in paragraph 36 and refer the Court to the referenced email correspondence for its contents.

37. Answering Defendants deny the allegations contained in paragraph 37.

38. Answering Defendants deny the allegations contained in paragraph 38.

39. Answering Defendants deny the allegations contained in paragraph 39.

40. Answering Defendants deny the allegations contained in paragraph 40 and refer the Court to the Housing Court stipulations for their contents.

41. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41, and on that basis deny them.

42. Answering Defendants deny the allegations contained in paragraph 42, including the sub-paragraphs, and aver that all affidavits submitted to the Housing Court were truthful and privileged.

43. Answering Defendants deny the allegations contained in paragraph 43.

44. Answering Defendants deny the allegations contained in paragraph 44.

45. Answering Defendants deny the allegations contained in paragraph 45.

46. Answering Defendants deny the allegations contained in paragraph 46.

47. Answering Defendants deny the allegations contained in paragraph 47.

48. Answering Defendants deny the allegations contained in paragraph 48.

49. Answering Defendants deny the allegations contained in paragraph 49.

50. Answering Defendants deny the allegations contained in paragraph 50.

51. Answering Defendants deny the allegations contained in paragraph 51 and refer the Court to the Housing Court orders for their contents.

52. Answering Defendants deny the allegations contained in paragraph 52, except admit that photographs of the subject premises were taken for the purpose of documenting the condition of the apartment in connection with litigation.

53. Answering Defendants deny the allegations contained in paragraph 53, except admit that photographs were filed with the Court as permitted by law.

54. Answering Defendants deny the allegations contained in paragraph 54.

55. Answering Defendants deny the allegations contained in paragraph 55.

56. Answering Defendants deny the allegations contained in paragraph 56.

57. Answering Defendants deny the allegations contained in paragraph 57, except admit that Answering Defendants or their agents reported truthful information regarding the commencement of non-payment proceedings to a credit reporting agency in the ordinary course of business.

58. Answering Defendants deny the allegations contained in paragraph 58.

59. Answering Defendants deny the allegations contained in paragraph 59.

60. Answering Defendants deny the allegations contained in paragraph 60.

61. Answering Defendants deny the allegations contained in paragraph 61.

62. Answering Defendants deny the allegations contained in paragraph 62.

63. Answering Defendants deny the allegations contained in paragraph 63.

64. Answering Defendants deny the allegations contained in paragraph 64.

65. Answering Defendants deny the allegations contained in paragraph 65.

66. Answering Defendants deny the allegations contained in paragraph 66.

67. Answering Defendants deny the allegations contained in paragraph 67.

## CAUSES OF ACTION

### COUNT I – ALLEGED VIOLATION OF 42 U.S.C. § 3604(f)

68. In response to Paragraph 46, Answering Defendants repeat and restate their responses to the preceding allegations.[2]

69. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 (Count I).

70. Answering Defendants deny the allegations contained in Paragraph 48 (Count I).

71. Answering Defendants deny the allegations contained in Paragraph 49 (Count I).

### COUNT II – ALLEGED VIOLATION OF 42 U.S.C. § 3617

72. In response to Paragraph 50, Answering Defendants repeat and restate their responses to the preceding allegations.

73. Answering Defendants deny the allegations contained in Paragraph 51 (Count II).

74. Answering Defendants deny the allegations contained in Paragraph 52 (Count II).

75. Answering Defendants deny the allegations contained in Paragraph 53 (Count II).

76. Answering Defendants deny the allegations contained in Paragraph 54 (Count II).

77. Answering Defendants deny the allegations contained in Paragraph 55 (Count II).

78. Answering Defendants deny the allegations contained in Paragraph 56 (Count II).

79. Answering Defendants deny the allegations contained in Paragraph 57 (Count II).

80. Answering Defendants deny the allegations contained in Paragraph 58 (Count II).

81. Answering Defendants deny the allegations contained in Paragraph 59 (Count II), including the chart contained therein.

82. Answering Defendants deny the allegations contained in Paragraph 60 (Count II).

[2] Plaintiff's numbering restarts at Paragraph 46 under Count I. Answering Defendants respond to these paragraphs as they appear in the Amended Complaint.

83. Answering Defendants deny the allegations contained in Paragraph 61 (Count II).

**COUNT III – ALLEGED VIOLATION OF 18 U.S.C. § 1961 ET SEQ.**

84. In response to Paragraph 58, Answering Defendants repeat and restate their responses to the preceding allegations.

85. Answering Defendants deny the allegations contained in Paragraph 59 (Count III) and specifically deny the existence of any criminal enterprise or racketeering activity.

86. Answering Defendants deny the allegations contained in Paragraph 60 (Count III).

87. Answering Defendants deny the allegations contained in Paragraph 61 (Count III).

88. Answering Defendants deny the allegations contained in Paragraph 62 (Count III).

89. Answering Defendants deny the allegations contained in Paragraph 63 (Count III).

90. Answering Defendants deny the allegations contained in Paragraph 64 (Count III).

91. Answering Defendants deny the allegations contained in Paragraph 65 (Count III).

92. Answering Defendants deny the allegations contained in Paragraph 66 (Count III).

93. Answering Defendants deny the allegations contained in Paragraph 67 (Count III).

**COUNT IV – ALLEGED VIOLATION OF 29 U.S.C. § 794**

94. In response to Paragraph 68, Answering Defendants repeat and restate their responses to the preceding allegations.

95. Answering Defendants deny the allegations contained in Paragraph 73 (Count IV).

96. Answering Defendants deny the allegations contained in Paragraph 74 (Count IV).

97. Answering Defendants deny the allegations contained in Paragraph 75 (Count IV).

**COUNT V – ALLEGED VIOLATION OF 15 U.S.C. § 1681**

98. In response to Paragraph 76, Answering Defendants repeat and restate their responses to the preceding allegations.

99. Answering Defendants deny the allegations contained in Paragraph 77 (Count V).

100. Answering Defendants deny the allegations contained in Paragraph 78 (Count V).

101. Answering Defendants deny the allegations contained in Paragraph 79 (Count V).

102. Answering Defendants deny the allegations contained in Paragraph 80 (Count V).

103. Answering Defendants deny the allegations contained in Paragraph 81 (Count V).

104. Answering Defendants deny the allegations contained in Paragraph 82 (Count V).

**COUNT VI – ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

105. In response to Paragraph 83, Answering Defendants repeat and restate their responses to the preceding allegations.

106. Answering Defendants deny the allegations contained in Paragraph 84 (Count VI).

107. Answering Defendants deny the allegations contained in Paragraph 85 (Count VI).

108. Answering Defendants deny the allegations contained in Paragraph 86 (Count VI).

**ALLEGED DAMAGES**

109. Answering Defendants deny the allegations contained in Paragraph 87 and the sub-paragraphs (a) through (m).

110. Answering Defendants deny the allegations contained in Paragraph 88.

111. Answering Defendants deny the allegations contained in Paragraph 89.

112. Answering Defendants deny the allegations contained in Paragraph 90.

113. Answering Defendants deny the allegations contained in Paragraph 91.

**AFFIRMATIVE DEFENSES**

114. Answering Defendants assert the following affirmative defenses. By asserting these defenses, Answering Defendants do not assume the burden of proof for any issue where the burden rests with Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

115. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Failure to Satisfy Prerequisites and Exhaust Administrative Remedies)

116. Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of this action.

**THIRD AFFIRMATIVE DEFENSE**
(No Denial of Access)

117. Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services of the subject facility.

**FOURTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

118. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

**FIFTH AFFIRMATIVE DEFENSE**
(Unclean Hands/Bad Faith/Laches/Waiver)

119. Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff is estopped as to such claims by Plaintiff's own actions, bad faith, laches, and/or waiver.

**SIXTH AFFIRMATIVE DEFENSE**
(Lack of Standing)

120. Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested and has failed to properly allege standing to assert some or all of the claims that Plaintiff has attempted to allege in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
(Res Judicata and Collateral Estoppel)

121. Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata (claim preclusion) and/or collateral estoppel (issue preclusion). The factual allegations and issues regarding habitability, repairs, and access raised in the Complaint have been, or could have been, fully litigated and

adjudicated in the prior and ongoing proceedings between the parties in the Civil Court of the City of New York, Housing Part.

**EIGHTH AFFIRMATIVE DEFENSE**
(Litigation Privilege)

122. Plaintiff's claims, particularly those sounding in retaliation and abuse of process, are barred, in whole or in part, by the absolute litigation privilege. The alleged wrongful conduct consists of statements, affidavits, and filings made by Defendants in the course of judicial proceedings in the Civil Court of the City of New York, which are privileged under applicable law.

**NINTH AFFIRMATIVE DEFENSE**
(Undue Burden, Not Readily Achievable)

123. To the extent Plaintiff requested accommodations beyond what is reasonable, such requests impose an undue financial and administrative burden and would fundamentally alter Defendants' housing operations, and such accommodations were not and are not required under federal, New York State or New York City law, and any requirement to make those accommodations would impose an undue burden upon Defendants and would not be readily achievable or feasible.

**TENTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate)

124. Plaintiff has failed to take reasonable steps to protect herself from the damages alleged in the Complaint and has failed to mitigate any such alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Modifications not Required)

125. Plaintiff's claims are barred to the extent the relief she requests is not mandated by federal, state or city law.

**TWELFTH AFFIRMATIVE DEFENSE**
(Adequate Legal Remedy)

126. Plaintiff has adequate legal remedies and therefore she is not entitled to injunctive relief or equitable relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(No Irreparable Harm)

127. Plaintiff is not entitled to injunctive or equitable relief because she has not suffered, and will not suffer, any irreparable harm or injury.

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Good Faith Conformity with Applicable Standards)

128. Answering Defendants acted in good faith and/or that their conduct conformed to all applicable statutes, regulations and industry standards existing at the time of such conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**
(Lack of Damages)

129. Plaintiff's alleged damages are speculative, exaggerated, and unsupported by competent evidence. Plaintiff has not sustained damages attributable to Answering Defendants' conduct, and any alleged injuries are de minimis.

**SIXTEENTH AFFIRMATIVE DEFENSE**
(Failure to Plead Fraud with Particularity)

130. Plaintiff's claims sounding in fraud, including the alleged RICO predicate acts of mail and wire fraud, fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and other applicable rules and requirements.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
(Failure to Allege Enterprise)

131. Plaintiff's RICO claims (Count III) are barred because she fails to allege a RICO "enterprise" that is distinct from the Defendant "persons" (the corporate defendants and their employees) as required by law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
(Accuracy and Privilege)

132. Answering Defendants are not liable for violations of the Fair Credit Reporting Act (Count V) because any information furnished regarding Plaintiff's failure to pay rent and/or the existence of legal

proceedings was accurate, and/or Defendants acted with a qualified privilege and without malice or willful intent to injure.

**AS AND FOR A COUNTERCLAIM ON BEHALF OF OWNER - DEFENDANT 605 WEST 42ND OWNER LLC**

133. Owner is the owner and landlord of the Building.

134. Plaintiff Aida R. Gil is the tenant of Apt. 17W in the Building pursuant to a written lease agreement (the "Lease").

135. The Lease constitutes a valid and binding contract between Plaintiff and Owner.

136. Pursuant to the terms of the Lease, including Article 20, Plaintiff agreed to pay and/or reimburse Owner for all legal fees, costs, and expenses incurred by Owner in connection with various types of legal proceedings relating to the Lease, Plaintiff's tenancy, or the enforcement of Owner's rights under the Lease, including for "defending lawsuits brought against Owner because of [Plaintiff's] actions."

137. Plaintiff commenced the instant action against Owner and its agents alleging, *inter alia*, violations of the Lease, breach of the warranty of habitability, and various statutory violations arising from her tenancy.

138. As a result of Plaintiff's action, Owner has been compelled to retain the services of the law firm of Romer Debbas LLP to defend its rights and interests in this litigation.

139. Owner has incurred, and will continue to incur, substantial legal fees, costs, and disbursements in the defense of this action.

140. Owner is entitled to a judgment against Plaintiff for all reasonable attorneys' fees, costs, and expenses incurred in this action, in an amount to be determined by the Court.

**WHEREFORE**, Answering Defendants demand judgment:

a) Dismissing the Complaint with prejudice;

b) Granting judgment in favor of Owner on its Counterclaim against Plaintiff for reasonable attorneys' fees, costs, and disbursements incurred in this action; and

c) Awarding Answering Defendants such further relief as the Court may deem just and proper.

Dated: New York, New York
December 11, 2025

**ROMER DEBBAS LLP**
Attorneys for Answering Defendants
275 Madison Avenue, 8th Floor
New York, New York 10016
(212) 888-3100

By: Steven Kirkpatrick
Steven Kirkpatrick