UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIDA R. GIL,

      Plaintiff,

   -against-

605 WEST 42ND OWNER LLC, et al.,

      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/27/26__

1:25-cv-5396 (MKV)

TEMPORARY RESTRAINING ORDER
AND SCHEDULING ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of *pro se* Plaintiff's application for a Temporary Restraining Order ("TRO") and a Preliminary Injunction "to prevent [her] imminent eviction scheduled for May 1, 2026" pending resolution of this action [ECF No. 28 at 1; *see* ECF No. 27]. "The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962)). In order to preserve the status quo, IT IS HEREBY ORDERED that Plaintiff's request for a TRO only is granted, and any eviction is stayed for 14 days from this date of this Order, to allow time for Defendants to file opposition papers and for the Court to pass upon the merits of Plaintiff's request for a preliminary injunction. *See Garcia*, 561 F.3d at 107.

IT IS FURTHER ORDERED that Defendants' opposition papers are due by noon on **May 4, 2026.** The parties shall appear for a hearing on Plaintiff's application for emergency relief on **May 8, 2026, at 11:30 a.m.** in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. The parties are on notice that the Court will thereafter rule

on the application for emergency relief.  In other words, there will not be a subsequent hearing on the request for a preliminary injunction.

The Court admonishes the parties to review the Court's Individual Rules of Practice in Civil Cases, which provide that, in resolving a motion for a preliminary injunction, the Court generally follows its procedures for non-jury trials.  In particular, **the parties must provide the direct testimony of any witnesses by affidavit by May 4, 2026 and must submit a list of any affiants they intend to cross-examine live at the hearing by May 6, 2026**.  Any documentary exhibits or other evidence must be submitted by **May 4, 2026**.

Given that Plaintiff has moved for emergency relief, requiring the parties and the Court to proceed on a highly expedited timeline, the Court strongly encourages Plaintiff immediately to consent to receive filings electronically [*see* ECF No. 9].

Any request for an extension or adjournment must be on the docket on ECF at least 48 hours before the deadline.  **The parties are on notice that failure to comply with court orders, the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules may result in sanctions, including: monetary penalties on counsel and the parties; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal and default judgment.**

The Clerk of Court respectfully is requested to mail this Order to Plaintiff.

**SO ORDERED.**

**Date:  April 27, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

2