UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIDA R. GIL,<br><br>                    Plaintiff,<br><br>          -against-<br><br><br>605 WEST 42ND OWNER LLC, et al.,<br><br>                    Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/11/26___

1:25-cv-5396 (MKV)

ORDER EXTENDING TRO

MARY KAY VYSKOCIL, United States District Judge:

On Friday, April 24, 2026, Plaintiff, proceeding *pro se*, submitted an application for a temporary restraining order ("TRO") and a preliminary injunction "to prevent [her] imminent eviction scheduled for May 1, 2026" pending resolution of this action [ECF No. 28 at 1; *see* ECF No. 27]. That application for emergency relief was filed on the docket the following Monday, April 27, 2026. On April 27, 2026, the Court issued a temporary restraining order "to preserve the status quo" until the Court had an opportunity "to pass upon the merits of Plaintiff's request for a preliminary injunction" [ECF No. 29 (the "TRO and Scheduling Order") (citing *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009)]. The Court also set deadlines for the parties to submit evidence and scheduled a hearing.

Pursuant to the Court's TRO and Scheduling Order, Defendants 605 West 42nd Owner LLC, The Moinian Group, and Julio Del Orbe timely filed a memorandum of law in opposition to the motion for emergency relief and a declaration of counsel, which attached a Post-Trial Decision and Order issued in *605 West 42nd Owner LLC v. Aida R. Gil*, Civil Court of the City of New York, County of New York, Housing Part, Index No. L&T 300670-25/NY, awarding 605 West 42nd Owner LLC a final judgment of possession and issuing a warrant of eviction [[ECF Nos. 32

("Kirkpatrick Decl."), 32-1 ("Housing Court Order"), 33 ("Opp.")].[1]  Plaintiff thereafter filed two additional declarations [ECF Nos. 35 ("Pl. First Supp. Decl."), 36 ("Pl. Second Supp. Decl.")]. The parties also filed witness lists [ECF Nos. 37, 38].

On Friday, May 8, 2026, the Court held a hearing on Plaintiff's application for emergency relief at which all appearing parties had an opportunity to be heard.  Defendants 605 West 42nd Owner LLC, The Moinian Group, and Julio Del Orbe declined to cross-examine Plaintiff.[2]  At the hearing, Plaintiff raised issues that had not been briefed, by either side, in advance of the hearing. Counsel for Defendants 605 West 42nd Owner LLC, The Moinian Group, and Julio Del Orbe represented on the record at the hearing that they did not object to a short extension of the TRO. Thereafter, on May 8, 2026 and May 9, 2026, respectively, defense counsel filed an additional exhibit [ECF No. 39] and a "Correction and Clarification" letter raising new issues relevant to the disposition of Plaintiff's application for emergency relief [ECF No. 40].

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order expires "14 days" after it issues unless "the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."  Fed. R. Civ. P.  65(b)(2).  Because the TRO issued on April 27, 2026, it will expire today, May 11, 2026, unless it is extended.  In light of the defendants' non-objection to a short extension of the TRO and the Court's need to consider issues raised by the parties on May 8, 2026 and thereafter in passing upon the merits of Plaintiff's request for a preliminary injunction, IT IS HEREBY ORDERED that the Temporary Restraining Order is extended until May 18, 2026.

---

[1] Counsel for Defendant Juan Mitre, an exterminator, also filed a declaration making clear that he has no ability either to evict Plaintiff or to stay her eviction [ECF No. 34 ("Kakoullis Decl.")].  At the hearing on Plaintiff's application for emergency relief, Plaintiff conceded that she is not seeking a TRO or PI as to Mitre.

[2] Counsel for Mitre conducted an extremely brief cross-examination with no bearing on whether Plaintiff's eviction should be stayed.

The Court will issue Findings of Fact and Conclusions of Law with respect to Plaintiff's application for emergency relief, pursuant to Rules 52(a) and 65 of the Federal Rules of Procedure, as promptly as possible.

The Clerk of Court respectfully is requested to mail this Order to Plaintiff.

**SO ORDERED.**

**Date:  May 11, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

3